IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  11-cv-02927-BNB

DeJUAN B. THORNTON-BEY,

      Plaintiff,

v.

B. DAVIS,
L. MILUSNIC,
S. SYNSVOLL,
S. FELKER,
M. NALLEY,
P. RANGEL,
T. SUDLOW,
D. FOSTER,
REDDING, and
KRIST,

      Defendants.

---

## ORDER DENYING LEAVE TO PROCEED IN FORMA PAUPERIS

---

Plaintiff, DeJuan B. Thornton-Bey, is in the custody of the United States Bureau of Prisons and currently is incarcerated at ADX in Florence, Colorado.  Mr. Thornton-Bey initiated this action by filing a Prisoner Complaint and a Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915.  Originally, Mr. Thornton-Bey was granted leave to proceed pursuant to § 1915 and ordered to pay an initial filing fee of $13.00.  On further review, Magistrate Judge Boyd N. Boland determined that Mr. Thornton-Bey was subject to filing restrictions under § 1915(g).  Magistrate Judge Boland vacated the Order granting Mr. Thornton-Bey leave to proceed pursuant to § 1915 and instructed him to show cause why the Court should not deny him leave to

proceed under § 1915(g).  Mr. Thornton-Bey filed a Response to the Order to Show

Cause on January 23, 2012.  For the reasons stated below, the Court will deny Mr.

Thornton-Bey leave to proceed pursuant to § 1915.

In relevant part, § 1915 provides:

> In no event shall a prisoner bring a civil action or appeal a
> judgment in a civil action or proceeding under this section if
> the prisoner has, on 3 or more prior occasions, while
> incarcerated or detained in any facility, brought an action or
> appeal in a court of the United States that was dismissed on
> the grounds that it is frivolous, malicious, or fails to state a
> claim upon which relief may be granted, unless the prisoner
> is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).  As Magistrate Judge Boland noted in the Order to Show Cause,

Mr. Thornton-Bey has filed more than three actions in a court of the United States while

he was incarcerated or detained in any facility that were dismissed as frivolous or for

failure to state a claim.  *Thornton-Bey v. Adm. Office of U.S. Courts, et al.*, No.

10-cv-01546-UNA (D. D.C. Aug. 31, 2010) (dismissed for failure to state a claim), *aff'd*,

No. 10-5351 (D.C. Cir. Oct. 4, 2011) (summarily affirmed); *Thornton-Bey v. Adm. Office

of U.S. Courts, et al.*, No. 09-cv-00958-UNA (D. D.C.  May 7, 2009) (dismissed for

failure to state a claim, counts as a strike under § 1915(g)); *Thornton-Bey v. Obama*,

No. 08-cv-01430-UNA (D. D.C. Sept. 4, 2008) (dismissed pursuant to 28 U.S.C.

§ 1915A(a)-(b) (seeks money relief from a defendant who is immune from such relief);

*Thornton-Bey v. Darrah, et al.*, No. 06-cv-00491 (N.D. Ill. May 15, 2006) (dismissed

pursuant to § 1915(e)(2)(B) for failure to state a claim and counts as a strike under

§ 1915(g)), *appeal dismissed*, No. 06-3219 (7th Cir. Feb. 15, 2007).  Each of the

dismissals in the above-noted cases qualify as a strike under § 1915(g).  *See Hafed v.*

2

*Fed. Bureau of Prisons, et al.*, 635 F.3d 1172 (10th Cir. 2011).

In the Response, Mr. Thornton-Bey asserts that he is under imminent danger because defendants are holding him at the ADX prison unlawfully and with force in violation of 18 U.S.C. §§ 1001 and 1002.  He further asserts that defendants have failed to execute a legally authentic appointment affidavit/oath of office under 5 U.S.C. §§ 3331-3333.  Mr. Thornton-Bey contends that because he "blew the whistle" on defendants' actions and because defendants may be sent to prison for their actions he will be subjected to imminent danger of serious physical injury.

In order to meet the "imminent danger" requirement, "the harm must be imminent or occurring at the time the complaint is filed."  *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).  To fall within the exception, Mr. Thornton-Bey's Complaint must contain "specific fact allegations of ongoing serious physical injury, or of a pattern of misconduct evidencing the likelihood of imminent serious physical injury."  *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003) (emphasis added).

Nothing Mr. Thornton-Bey asserts in the Amended Complaint or Response sets forth a claim of current, ongoing serious physical injury or likelihood of imminent serious physical injury.  Mr. Thornton-Bey's claims are vague and conclusory accusations of a violation of his constitutional rights and do not state ongoing or the likelihood of imminent serious physical injury.

Therefore, the Court finds that because Mr. Thornton-Bey fails to assert that he is in imminent danger and because he has filed at least three actions in a federal court that have been dismissed as either legally frivolous or for failure to state he will be denied leave to proceed pursuant to § 1915.

If Mr. Thornton-Bey wishes to pursue his claims in this action he must pay the $350.00 filing fee pursuant to 28 U.S.C. § 1914(a).  Mr. Thornton-Bey is reminded that, even if he pays the filing fee in full, a review of the merits of his claims is subject to 28 U.S.C. § 1915(e)(2), and the action may be dismissed notwithstanding any filing fee if the claims are found to be frivolous or malicious, lacking in merit, or asserted against a defendant who is immune from suit.  Accordingly, it is

ORDERED that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 is denied.  It is

FURTHER ORDERED that Mr. Thornton-Bey shall have **thirty days from the date of this Order** to pay the entire $350.00 filing fee if he wishes to pursue his claims in this action.  It is

FURTHER ORDERED that if Mr. Thornton-Bey fails to pay the entire $350.00 filing fee within the time allowed, the Complaint and the action will be dismissed without further notice.  It is

FURTHER ORDERED that the only proper filing at this time is the payment of the $350.00 filing fee.

DATED at Denver, Colorado, this __25th__ day of ___January_____, 2012.

BY THE COURT:

__s/Lewis T. Babcock_____
LEWIS T. BABCOCK, Senior Judge
United States District Court

4